UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 24-CR-350 (JPO) |
| JOSE LOPEZ, | ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

On May 30, 2024, a grand jury returned an indictment charging Defendant Jose Lopez with possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 9.)  On March 5, 2026, Lopez filed a motion to dismiss the indictment (ECF No. 27), arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment, both facially and as applied to Lopez (ECF No. 28).

In *Zherka v. Bondi*, the Second Circuit held that § 922(g)(1) is constitutional both facially and as applied to the defendant, whose predicate felony conviction was only for nonviolent conduct.  140 F.4th 68, 75-96 (2d Cir. 2025), *cert. denied*, No. 25-269, 2026 WL 135708 (U.S. Jan. 20, 2026).  "Because legislatures at or near the Founding had the authority to pass laws disarming large classes of people based on status alone, . . . the Second Amendment does not bar Congress from passing laws that disarm convicted felons, regardless of whether the crime of conviction is nonviolent."  *Id.* at 93.

Lopez does not argue that this case is distinguishable from *Zherka*.  Indeed, he acknowledges that this claim is foreclosed by Second Circuit precedent.  (ECF No. 28 at 3.) *Zherka* therefore forecloses Lopez's facial and as-applied challenges to § 922(g)(1).  *See, e.g.*, *United States v. Delgado*, 149 F.4th 244, 249 (2d Cir. 2025), *cert. denied*, No. 25-6732, 2026 WL 642823 (U.S. Mar. 9, 2026).

Accordingly, Lopez's motion to dismiss the indictment is denied.

The Clerk of Court is directed to close the motion at Docket Number 27.

SO ORDERED.

Dated: March 11, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

2